IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES SWEET, an individual, and ASTANZA DESIGN LLC, a Colorado limited liability company,<br><br>Plaintiffs,<br>v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ALTERATION OF JUDGMENT OR FOR RELIEF FROM JUDGMENT**<br><br>2:16-cv-225<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This case stems from efforts by the Church of Jesus Christ of Latter-day Saints to furnish temples in San Salvador and Rome. Before the court is Plaintiffs' Motion for Alteration of Judgment or for Relief from Judgment.[1] For the reasons given below, the court DENIES Plaintiffs' Motion.[2]

## BACKGROUND[3]

This case involves Defendant Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints (CPB); Plaintiffs James Sweet and Astanza Design, LLC (Sweet); and foreign furniture makers.[4] CPB successfully pressured foreign furniture makers to eliminate

---

[1] Dkt. 63.

[2] The court denies Sweet's request for oral argument because further argument will not aid the court in rendering a decision. Dkt. 69.

[3] For the purposes of this Motion, the court views the evidence in the light most favorable to Sweet.

[4] The facts of this case are recounted in greater detail in the court's previous order granting summary judgment in favor of CPB. Dkt. 59 at 2–3.

Sweet as the go-between for church purchases.[5]  Believing CPB's pressure was unlawful, Sweet filed suit against CPB for intentional interference with economic relations.[6]

On March 27, 2019, the court entered a Judgment in favor of CPB.[7]  The basis for that Judgment was Sweet's failure to carry its burden on an element of its *prima facie* case for intentional interference with economic relations.[8]  Specifically, Sweet failed to present adequate evidence of its net loss as required by Utah law.[9]  Rather than supply evidence of its net loss—i.e., lost revenue minus costs—Sweet supplied only evidence of its lost revenue.[10]  Although James Sweet testified via Declaration that Sweet's costs were *de minimus*,[11] he supplied no costs figures to identify or substantiate his unsupported conclusion that Sweet's costs were *de minimus*.[12]  Because such conclusory testimony is insufficient to create a genuine issue of fact, the court entered a Judgment in favor of CPB and dismissed Sweet's claim for intentional interference with economic relations.[13]  Now before the court is Sweet's Motion for Alteration of Judgment or for Relief from Judgment.[14]  In that Motion, Sweet requests reconsideration and reversal of the March 27th Judgment.[15]

---

[5] *Id.*

[6] Dkt. 6.  Sweet also filed suit for unjust enrichment; however, at the summary judgment stage, it did not oppose dismissal of that claim.  Dkt. 59 at 1.  Accordingly, the court dismissed the unjust enrichment claim with prejudice. *Id.*

[7] Dkt. 60 (Judgment).

[8] Dkt. 59 (Memorandum Decision and Order).

[9] *Id.* at 4–7.

[10] *Id.* at 5–6.

[11] *Id.*

[12] *Id.* at 6–7.

[13] *Id.* at 6; Dkt. 60.

[14] Dkt. 63.

[15] *Id.* at 3.

# LEGAL STANDARD

Sweet generically invokes Rule 59(e), Rule 60(b)(1), and Rule 60(b)(6) of the Federal Rules of Civil Procedure.[16] Sweet does not state which particular rule applies to each of its arguments. As a threshold matter, the court must determine the legal standard applicable to each of Sweet's arguments.

Rule 59(e), Rule 60(b)(1), and Rule 60(b)(6) serve different purposes and produce different consequences.[17] Rule 59(e)'s purpose is to allow a court to reconsider the substantive correctness of its prior judgment.[18] In contrast, Rule 60(b)(1)'s purpose is to allow a court to reopen a judgment due to "mistake, inadvertence, surprise, or excusable neglect."[19] In further contrast, Rule 60(b)(6)'s purpose is to allow a court to reopen a judgment to accomplish justice in "extraordinary circumstances" beyond those contemplated by Rule 60 subsections (b)(1)–(b)(5).[20] When a postjudgment motion is timely filed, a court evaluates that motion based on the

---

[16] *Id.* at 7.

[17] *See Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) ("[Rules 59(b) and 60(b)] serve different purposes and produce different consequences, both substantive and procedural.").

[18] *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) ("[A] motion constitutes a Rule 59(e) motion if it requests a substantive change in the district court's judgment or otherwise questions its substantive correctness.") (internal quotation marks omitted). *But see Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (recognizing Rule 60(b)(1) permits court to correct "obvious errors of law, apparent on the record.").

[19] *See* Fed. R. Civ. P. 60(b)(1); *Rivers*, 394 F.3d at 854 ("Here, plaintiff's motion asked the court to reopen the judgment based on counsel's mistake, inadvertence, or excusable neglect: the reasons expressed in Rule 60(b)(1). It asked for an opportunity to present her damages case in the first instance, not the 'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e).").

[20] *See* Fed. R. Civ. P. 60(b)(6); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("[Rule 60(b)(1) and 60(b)(6)] are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."); *Ackermann v. United States*, 340 U.S. 193, 202 (1950) ("Neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within *Klapprott* or Rule 60(b)(6)."); *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949) ("Furthermore 60(b) strongly indicates on its face that courts no longer are to be hemmed in by the uncertain boundaries of these and other common law remedial tools. In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.").

reasons a party expressed and each reason's respective alignment with Rule 59(e), 60(b)(1), or 60(b)(6).[21]

Sweet expresses two reasons for relief. First, Sweet argues reversal of the March 27th Judgment is appropriate because the court erred in determining Sweet failed to supply adequate evidence concerning Sweet's costs.[22] Because Sweet's first argument challenges the substantive correctness of the March 27th Judgment, the court evaluates that argument under Rule 59(e).[23]

Second, Sweet argues the court should allow Sweet to present evidence of Sweet's costs due to an "excusable mistake," and then reverse the March 27th Judgment.[24] When the expressed reason is a party's mistake, a court properly applies the Rule 60(b)(1) standard.[25] Accordingly, the court will apply Rule 60(b)(1) to Sweet's second argument.

Sweet initially invokes Rule 60(b)(6) in its opening memorandum.[26] CPB counters that Rule 60(b)(6) affords Sweet no relief.[27] In its Reply, Sweet fails to defend its Rule 60(b)(6) invocation, marshaling no argument of the existence of "extraordinary circumstances" beyond those contemplated by Rule 60 subsections (b)(1)–(b)(5).[28] Indeed, Sweet does not cite or

---

[21] *Rivers*, 394 F.3d at 855 ("District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion.").

[22] Dkt. 63 at 8–9.

[23] *See supra* note 18 and accompanying text.

[24] Dkt. 63 at 3, 10.

[25] *See Rivers*, 394 F.3d at 855–56 ("Here, plaintiff's motion plainly sought relief from judgment based on attorney mistake: grounds for relief under Rule 60(b)(1). Accordingly, it should have been analyzed under the standards applicable to that rule."). *But see Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (holding Rule 60(b)(1) "provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."). Even if the court evaluated Sweet's mistake argument under Rule 60(b)(1), it would still fail for the reasons expressed in this Order.

[26] Dkt. 63 at 7.

[27] Dkt. 64 at 8.

[28] *See* Dkt. 67.

discuss Rule 60(b)(6) in its Reply.[29] In view of Sweet's unexplained invocation of Rule 60(b)(6), as well as the ordinary circumstances of this case—a plaintiff failed to supply evidence supporting an element of its *prima facie* case—Rule 60(b)(6) is inapplicable.[30]

## ANALYSIS

### I. Sweet cannot substitute Rule 59(e) for appeal.

There exist three potential grounds for relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[31] Sweet argues the court erred in determining Sweet failed to supply adequate evidence concerning Sweet's costs.[32] But CPB argues, and the court agrees, Rule 59(e) affords Sweet no relief.[33] Sweet does not argue an intervening change in the controlling law.[34] Sweet has not shown the evidence he now seeks to produce was previously unavailable.[35] Sweet shows only the difficulty of estimating Sweet's costs using *available* evidence.[36] And rather than having a clear conviction that judicial error occurred, the court maintains a firm conviction no judicial error occurred.[37]

---

[29] *See id.*

[30] *See Cashner*, 98 F.3d at 580 ("[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.").

[31] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[32] *See, e.g.*, Dkt. 63 at 8–9.

[33] Dkt. 64 at 4–5.

[34] *See* Dkt. 63.

[35] *Id.*; *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) ("Where a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.") (internal quotation marks omitted).

[36] *See infra* page 9.

[37] *See* Dkt. 59.

Further, denying Sweet the relief it seeks will not result in manifest injustice. Though it may present a close call whether it is just to end a case solely for a party's failure to timely introduce evidence of that party's relatively minuscule costs, that is not in substance the issue before the court. Sweet's case would end even if the court had permitted Sweet to introduce evidence of its costs, for reasons the court did not separately enunciate in its prior Order granting summary judgment.

Beyond failing to introduce sufficient evidence of its costs, Sweet failed to introduce evidence that CPB employed "improper means."[38] Sweet attempted to satisfy its burden to supply evidence of CPB's "improper means" via expert testimony of CPB's "violation of an established standard of a trade or profession."[39] However, no reasonable jury could have concluded the Furniture Fixtures and Equipment (FFE) industry standard announced by Sweet's experts was "objective," as required by Utah law.[40]

More specifically, no reasonable jury could conclude Sweet's proposed standard—to honor, observe, and not interfere with contracts between brokers, manufacturer's representatives or appointed third-party middle-men, and manufacturers and suppliers—is objective.[41] As CPB correctly observes in its Motion for Summary Judgment,

> Neither Plaintiffs nor any of their experts have been able to identify anywhere where this "standard" is published or any association that recognizes the standard. Neither Plaintiffs nor any of their experts could explain how CPB would have known the specifics of the alleged "standard." Plaintiffs and each expert disagree as to whom the alleged "standard"

---

[38] To succeed on a claim of intentional interference with economic relations, a "plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff." *Eldridge v. Johndrow*, 2015 UT 21, ¶ 13, 345 P.3d 553 (emphasis in original removed).

[39] *C.R. England v. Swift Transportation Co.*, 2019 UT 8, ¶ 48, 437 P.3d 343.

[40] *Id.*

[41] Dkt. 46 at 19.

applies.  When presented with hypothetical situations, each expert varied in their application of the "standard" and their opinion of whether the facts of this case constitute a breach of the "standard."  Plaintiffs' have failed to show that the alleged industry standard is "established," "industry-wide," or "external and objective."[42]

Only when a party supplies evidence demonstrating sufficient objective qualities of a proposed standard may a jury reasonably conclude the proposed standard is objective.[43]  But where, as here, expert testimony demonstrates only the *subjective* qualities of a proposed standard, no reasonable could conclude the standard is objective.  And even if Sweet's testimony demonstrated his proposed standard possessed sufficient objective qualities, this court would nonetheless conclude Utah courts do not and likely would continue to decline to recognize anti-competitive industry standards.  The protection of free marketplace competition, after all, serves as the rationale for Utah's requirement of "improper means."[44]

Hence Sweet's case suffered from more than one fatal infirmity.  Technically, the court's judgment against Sweet rests on the narrow grounds expressed in the court's previous Order.  When considering justice, however, the court properly looks past technicalities, as it does here, to conclude denial of Sweet's Rule 59(e) motion will not result in manifest injustice.

---

[42] *Id.* (internal citations to record evidence excluded); *see also* Dkt. 61 at 6, 24–34 (expressing additional doubts about Sweet's proposed standard).

[43] *Swift*, 2019 UT 8, ¶ 47, 437 P.3d 343 (citing *Crandall v. Ed Gardner Plumbing & Heating*, 17 Utah 2d 138, 405 P.2d 611 (1965)).  Unlike in *Crandall*, Sweet's experts do not articulate an industry standard possessing sufficient objective qualities.

[44] *See C.R. England v. Swift Transportation Co.*, 2019 UT 8, ¶ 41, 437 P.3d 343 ("[I]n the rough and tumble of the marketplace, competitors inevitably damage one another in the struggle for personal advantage . . . but the law offers no remedy for those damages—even if intentional—because they are an inevitable byproduct of competition.").

## II. Sweet's failure to supply adequate evidence of its costs is not excusable under Rule 60(b)(1).

Rule 60(b)(1) permits a court to relieve a party from a final judgment on "just terms" due to "mistake, inadvertence, surprise, or excusable neglect." Such relief is extraordinary because it sacrifices the preservation of finality in order to ensure justice is "done in light of *all* the facts."[45] Rule 60(b)(1) relief is also equitable; indeed, Rule 60 replaced ancient equitable procedures.[46] Extraordinary and equitable, Rule 60(b)(1) relief is available only when a party establishes (1) equity supports the requested relief and (2) the occurrence of "mistake, inadvertence, surprise, or excusable neglect."[47] The formulation of these twin requirements—one deriving from text, the other from equity—varies based on which provision of Rule 60(b)(1) a party invokes.[48]

Here, Sweet invokes Rule 60(b)(1)'s provision pertaining to "mistake."[49] That provision "provides for the reconsideration of judgments only where: (1) a party has made an excusable

---

[45] *Rivers*, 394 F.3d at 856 ("[Rule 60(b)(1)] is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.") (internal quotation marks omitted); *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("Relief under Rule 60(b), however, is 'extraordinary and may only be granted in exceptional circumstances.'") (citing *Cashner*, 98 F.3d at 576).

[46] *See* Fed. R. Civ. P. 60 (e) ("The following are abolished: bills of review, bills in the nature of bills of review, and writs of *coram nobis*, *coram vobis*, and *audita querela*.").

[47] The latter of these twin requirements derives from Rule 60(b)(1)'s text. The former requirement—that equity support the requested relief—necessarily follows from Rule 60's equitable derivation. Were it otherwise, and a mere mistake was enough to undo final judgment, then Rule 60(b)(1) would be a disinterested rule at best, an inequitable one at worst. *See* Charles Alan Wright & Arthur R. Miller, *11 Federal Practice & Procedure* § 2858 (3d ed. 2019) ("[R]elief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. The party must make some showing justifying the failure to avoid the mistake or inadvertence.").

[48] *Compare Cashner*, 98 F.3d at 576 (stating the standard for Rule 60(b)(1)'s "mistake" provision) *with Rivers*, 394 F.3d at 856 (stating the standard for Rule 60(b)(1)'s "neglect" provision).

[49] In his Reply, Sweet seeks to introduce new argument and a new invocation of Rule 60(b)(1)'s "excusable neglect" provision. *Compare* Dkt. 63 at 10 *with* Dkt. 67 at 2–9. The court disallows Sweet's arguments because their lateness prevented CPB from addressing them in its Response. DuCivR 7(b)(2)(A). And it disallows Sweet's attempted invocation of Rule 60(b)(1)'s "excusable neglect" provision for the same reason. *Id.*

litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."[50] Not just any excuse will do. For example, relief is inappropriate "when the mistake was the result of a deliberate and counseled decision by the party."[51] Whereas, "the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment."[52]

Sweet argues its mistake, of failing to supply adequate evidence of its costs, should be excused because it was difficult to estimate those costs from available evidence.[53] The court disagrees. No doubt estimating Sweet's costs was difficult because those costs included, at the very least, the pro rata costs of international flights, hotels, and meals.[54] This difficulty combined with the peculiarity of Utah's net loss damages proof requirement—which requires a party to come forward with evidence *reducing* that party's potential recovery—makes it a challenging, unexpected, and unusual task to estimate Sweet's costs. Yet the difficulty of estimating costs from evidence available only to Sweet underscores the importance of supplying that estimation and underlying evidence. Without it, CPB could not test Sweet's conclusion its

---

[50] *Cashner*, 98 F.3d at 576.

[51] *Id.*

[52] *Id.* Similarly, Rule 60(b)(1) relief "is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id.* at 577.

[53] *See* Dkt. 67 at 2.

[54] *See* Dkt. 59 at 7 n.40 ("Sweet's costs appear to include at least some portion [of] the costs for international travel, business lunches, technology upgrades and services, and legal services.") (citing Dkt. 48, Ex. 23, at ¶¶ 11, 32, 72, 91).

costs were *de minimus*. Depriving a party of the ability to test a damages figure is no small matter.

As CPB correctly observes, equity does not support excusal of a voluntary failure to come forth with important and required evidence concerning an element of a *prima facie* case.[55] If voluntary failure were enough to tip the scales of equity, Rule 60(b)(1) would not only render advisory other procedural rules that advance the law's interest in orderly case progression and finality,[56] Rule 60 would undo finality altogether. However, voluntary failure is not enough to tips the scale of equity; this holds true even where a party might cure any prejudice by tardily supplying a damages figure. Therefore, Rule 60(b)(1) relief is unavailable because, although no easy task, Sweet could have protected against its mistake.[57]

---

[55] Dkt. 64 at 3.

[56] *See, e.g.*, Fed. R. Civ. P. 16 (establishing mechanism for discovery deadlines); Fed. R. Civ. P. 26 (establishing mechanism for summary judgment).

[57] *Cashner*, 98 F.3d at 576; *see also Yapp,* 186 F.3d at 1231 ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); Charles Alan Wright & Arthur R. Miller, *11 Federal Practice & Procedure* § 2858 (3d ed. 2019) ("[R]eliance on an unsuccessful legal theory is considered affirmative tactical decisions for which relief will not be granted.").

## CONCLUSION

This case ends not over a "technicality" or the "unavailability of evidence of *de minimus* costs in a $3.4 million damage calculation."[58] It ends because Sweet did not supply an estimate of its costs using available evidence. For this reason, and those explained above, Sweet's Motions are DENIED.[59]

SO ORDERED this 23rd day of July, 2019.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[58] Dkt. 67 at 5.

[59] Dkts. 63, 69.